IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVE BADER                                                                                    PETITIONER

v.                                              Civil No. 05-5175

LARRY NORRIS, Director,
Arkansas Department of Correction                                                              RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Steven Bader, an inmate of the Arkansas Department of Correction (ADC), brings this pro se petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent Norris moves to dismiss the petition as barred by limitations and/or procedural default. I directed Bader to complete a questionnaire as his response to the motion to dismiss.

DISCUSSION

In September 22, 1999, Bader was convicted of first degree murder in Benton County and sentenced to 40 years in the ADC. The circuit court also revoked Bader's suspended sentence for drug-related convictions and sentenced him to an additional 10 years to run consecutive to the 40-year term.

Bader appealed his murder conviction to the Supreme Court of Arkansas,[1] asserting that the trial court committed error when it disallowed voir dire into religious views, failed to find Arkansas' peremptory challenge statute unconstitutional, and failed to make an on-the-record determination of Bader's waiver of his right to testify.

---

[1] Bader did not appeal the revocation of suspended sentence.

On March 22, 2001, the murder conviction was affirmed. *Bader v. State*, 344 Ark. 241, 40 S.W.3d 738 (2001). The Arkansas Supreme Court found that the trial court did not abuse its discretion by limiting voir dire, that Bader was barred from challenging the peremptory statute because he could not demonstrate prejudice, and that he had failed to preserve for review his argument that the trial court failed to make a record regarding the waiver of the right to testify. The court made clear that Bader was not challenging the sufficiency of the evidence supporting his conviction. The court stated the trial evidence showed that Bader broke into the home of 72-year-old Robert Sikes on April 12, 1998, and beat him severely. Sikes was hospitalized until his death on May 9, 1998. After Sikes' death, the State charged Bader and Diana Martens with murder in the first degree.

The appellate mandate of the Arkansas Supreme Court issued on April 10, 2001. *(See* "A" attached, providing the date of the mandate.) On October 1, 2001, the United States Supreme Court denied Bader's petition for writ of certiorari. *Bader v. Arkansas*, 534 U.S. 826 (2001).

Bader had 60 days from the mandate of the Arkansas Supreme Court to file a post-conviction petition under Rule 37. Ark. R. Fed. P. 37.2(e). The mandate issued on April 10, 2001, Bader thus had until June 11, 2001, to file a Rule 37 petition. Bader filed his Rule 37 petition on November 26, 2001, several months past the June 11th deadline.

On November 19, 2002, the circuit judge entered an order dismissing the Rule 37 petition as untimely. Bader filed a notice of appeal of the order on December 23, 2003, over a year later. The clerk declined to lodge the notice of appeal because it was not filed within 30 days of judgement or order as required by Rule 4(a) of the Rules of Appellate Procedure, and the Arkansas Supreme Court refused Bader's request for a rule on the clerk to lodge the record belatedly. *Bader v. State*,

2004 WL 1171854 (Ark. May 27, 2004) (Attachment "A."). The court rejected Bader's excuse that he thought he had 90 days to appeal, stating Bader had not explained why the notice of appeal was filed almost 13 months after the order was entered. The court added that even if the notice of appeal would have been timely filed, Bader would not have prevailed on appeal because his petition in the circuit court was untimely filed and the circuit court lacked jurisdiction to grant relief.

On September 20, 2004, Bader filed a habeas corpus petition in Benton County which was denied. On appeal, the Supreme Court of Arkansas held in an unpublished opinion that the circuit court lacked jurisdiction to consider the petition because Bader was not incarcerated in Benton County when he filed the petition. *Bader v. State*, No. CR 04-1182 (Ark. Jan 13, 2005)(unpublished). The court denied reconsideration. *Bader v. State*, 2005 WL 488878 (Ark. Mar. 3, 2005) (unpublished) (Attachment "B"). In 2005, Bader filed a habeas corpus action in Lee County which was denied on August 25, 2005. He took no appeal. (*See* Attachment "C").

On October 12, 2005, Bader signed the instant petition challenging the conviction and revocation. This date is thus deemed as the effective filing date he placed the motion in the prison mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999)(prison mailbox rule). Bader asserts numerous grounds for relief based on ineffective assistance of counsel and trial error and he also contends there was insufficient evidence to convict. None of the grounds have been heard and decided by the state courts.

Norris contends that Bader's § 2254 petition should be dismissed because it was not filed within the one-year statute of limitations applicable to habeas corpus cases. 28 U.S.C. § 2244(d)(1) provides that a § 2244 motion must be filed no later than one year from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of federal law is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence. The time during which a properly filed application for state post-conviction review is pending shall not be counted toward any period of limitation. 22 U.S.C. § 2244(d)(2).

Norris argues that Bader's one-year limitations period commenced under § 2244(d)(1)(A) above, *i.e.,* the date on which the judgment became final by conclusion of direct review. Norris correctly identifies this date as October 1, 2001, when the United States Supreme Court denied certiorari. *See Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999) (state judgment becomes final when United States Supreme Court denies certiorari). Bader makes no argument that another provision of § 2244(d)(1) should apply and I agree with Norris that Bader's limitations period commenced when his conviction became final. Thus, Bader had until October 1, 2002, to file his 28 U.S.C. § 2254 petition. However, he did not file it until October 12, 2005.

I further find that Bader's state post-conviction Rule 37 petition did not serve to toll the limitations period because it was not timely filed. A state post-conviction petition dismissed as untimely is not "properly filed" so as to toll the limitations period. *Pace v. Diguglielmo*, ___U.S. ___, 125 S.Ct. 1807, 1812 (2005); *Walker v. Norris*, ___F.3d ___, 2006 WL 2224036 (8th Cir. 2006).

Further, Bader's habeas corpus actions filed after the filing deadline have no effect on the limitations period. The Arkansas Supreme Court has acknowledged a narrow habeas corpus remedy applies when a sentence is invalid on its face or a sentencing court lacked subject matter jurisdiction. *See Young v. Norris*, ___S.W.3d, 2006 WL 242668 (Ark. 2006); *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (Ark. 2003). Bader makes no claim here that his sentence was invalid on its face or that the court lacked subject matter jurisdiction. Moreover, he could have included such claims in a timely Rule 37 petition. Rule 37.1 specifies that grounds for relief include that the sentence was imposed in violation of the Constitution or other laws and that the court lacked subject matter jurisdiction to impose sentence.

The doctrine of equitable tolling applies to § 2254 motions. *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. ). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," *id.* at 805 (quoting *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), or when the State prevents the prisoner from more timely making a claim. *Id.* at 807. Ineffective assistance of counsel generally does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002).

Bader maintains that this court should consider his petition, even if it is untimely, because there was insufficient evidence to convict him and he was provided ineffective assistance of counsel during the state proceedings. The matters presented by Bader do not show that extraordinary circumstances prevented him from timely filing a timely § 2254 petition in this court. Accordingly, Bader may not take advantage of equitable tolling to have his belated petition heard.

CONCLUSION

Based on the above, I find that Bader's § 2254 petition is barred by limitations and should be dismissed with prejudice. Because dismissal is warranted on this ground, I have not reached the State's alternative ground for dismissal based on the doctrine of procedural default.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 2nd day of March 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE